IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN RAMON MOSBY #327-278
    Plaintiff               :

    v.                              :    CIVIL ACTION NO. CCB-10-3508

KATHLEEN GREEN, WARDEN        :
    Defendant

## MEMORANDUM

Plaintiff is incarcerated at the Eastern Correctional Institution (ECI) in Westover. He alleges that on July 28, 2010, he went to ECI's medical department to notify medical personnel that he had not received anti-psychotic medications. He claims that Lieutenant Burkett and Sergeant Muir decided to place him in "ASOA" (the Administration Segregation Observation Area). Plaintiff states that he refused to go to ASOA because he was not suicidal, after which he was sprayed with mace, bitten by a K-9 dog, and stomped and kicked in the chest by a group of correctional officers whom he does not name. He claims that he then decided to cooperate and, after being treated by medical personnel for the dog bite, he was placed in ASOA on staff alert. He further alleges that unnamed persons stopped his mail and stole money from his inmate account. Plaintiff seeks compensatory damages for the alleged failure to provide anti-psychotic medications and for the alleged excessive use of force, mail tampering and theft. The only defendant named in the case is ECI's Warden, Kathleen Green. The case is before the court on defendant's motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 15), which shall be treated as a motion to dismiss. Plaintiff has opposed the motion. (ECF No. 17.) No hearing is needed to resolve the dispositive motion. *See* Local Rule 105.6 (D. Md. 2011).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiff's legal conclusions." *Takacs v. Fiore*, 473 F. Supp. 2d 647, 651 (D. Md. 2007).

There is no *respondeat superior* liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). In order for a supervisor to be liable under § 1983 for the actions of a subordinate, the supervisor must have had

> (1) actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff attributes none of the actions he complains about to the defendant in this case, Warden Kathleen Green, whose name appears nowhere in the complaint except its caption. Nor does he allege the type of actual or constructive knowledge or deliberate indifference required under *Shaw*. In his opposition, plaintiff simply indicates Green should be responsible for her officers' conduct. This is insufficient as a matter of law, and defendant Green shall be dismissed from this case.

This determination does not end the inquiry, however. Although he fails to name the proper parties, he does state two separate causes of action against two disparate groups of defendants. First, he alleges that specific medical personnel failed to treat and provide medication for his known psychiatric disorder, causing his condition to degenerate and triggering a psychotic episode. Second, he claims that specific corrections personnel used excessive force against him while he was in the midst of the psychotic episode.[1] Each of these incidents may be actionable under 42 U.S.C. § 1983, and neither incident would be time-barred should plaintiff choose to initiate separate lawsuits at this time. The Clerk shall be directed to provide plaintiff with the appropriate forms should he choose to do so.

Defendant Green's motion to dismiss shall be granted. A separate order follows.

Date: July 8, 2011  _____/s/_____
Catherine C. Blake
United States District Judge

---

[1] Plaintiff's claims concerning mail delays and theft of money are less defined.